IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIS WALKER | § | |
| v. | § | CIVIL ACTION NO. 5:22cv68 |
| JOHN TIDWELL and the TEXARKANA, TX POLICE DEPARTMENT | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Willis Walker, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 complaining of alleged deprivations of his constitutional rights. The named Defendants are Judge John Tidwell of the 202nd Judicial District Court of Bowie County and the Texarkana, Texas police department.

I. The Plaintiff's Claims

In his complaint, Plaintiff states that the Texarkana police department failed to investigate a complaint of assault causing serious bodily injury. He says that Judge Tidwell said he, the judge, believed that the grand jury had made an error and that he would "take it upon himself" to take Plaintiff to trial. Plaintiff states that five and a half months later Judge Tidwell nevertheless found no error in the grand jury's decision.

Plaintiff contends that it took 350 days to prove his innocence, and that he believes he was falsely imprisoned for the days that he was in jail. He also says that he was charged with possession of a controlled substance, but the grand jury found him not guilty.

II. Discussion

In cause no. 5:22cv65, styled *Walker v. Bowie County Jail, et al.*, Plaintiff complained that he was arrested in an alley on December 17, 2018, by officers using a fictitious warrant as probable cause. No drugs were found on him, but drugs were found in a wooded area where he had never

been. Plaintiff states that he was "found not guilty by a grand jury," but Judge Tidwell said that the jury had made an error. Five and a half months later, Plaintiff says that Judge Tidwell "found no error in the grand jury decision." He contended that he spent 350 days in jail before he was able to prove his innocence.

The claims in the present case largely duplicate the claims in the prior case. The Fifth Circuit has stated that prisoner complaints which duplicate claims in prior lawsuits may be dismissed as malicious under 28 U.S.C. §1915A. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Sowell v. Estelle Medical Department*, slip op. no. 21-20603, 2022 U.S. App. LEXIS 22154 (5th Cir. 2022) (affirming dismissal as frivolous of duplicative case where the district court determined that the complaint was frivolous because it was malicious).

In addition, Plaintiff cannot obtain monetary damages from Judge Tidwell for actions taken in his judicial capacity because he is shielded by the doctrine of judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Davis v. Tarrant County*, 565 F.3d 214, 221 (5th Cir. 2009). Such immunity does not apply in two circumstances: where the challenged action is not taken in the judge's judicial capacity, and where the action, though judicial in nature, is taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id*. The Fifth Circuit has explained in this regard that "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *May v. Sudderth*, 97 F.3d 107, 110-111 (5th Cir. 1996), *citing Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989) (judge is absolutely immune from all judicial acts "not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive"); *Burks v. Price*, civil action no. 6:13cv746, 2015 U.S. Dist. LEXIS 74720 at *29 (E.D. Tex. 2015), *aff'd* 654 F.App'x 670 (5th Cir. 2016).

Plaintiff has not shown that any actions taken by Judge Tidwell were done in the complete absence of the judge's jurisdiction.  Plaintiff's claim against Judge Tidwell fails to state a claim upon which relief may be granted.

The other defendant in this case is the Texarkana, Texas police department. The police department is a sub-unit of the City of Texarkana, Texas, and has no separate legal existence apart from the city. *Rettstatt v. Rochelle*, civil action no. 5:17cv39, 2019 U.S. Dist. LEXIS 105324 (E.D.Tex., April 9, 2019), *Report adopted at* 2019 U.S. Dist. LEXIS 104907 (E.D.Tex., June 24, 2009). As such, the Texarkana, Texas police department cannot be sued in its own name.  *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991).  Plaintiff does not allege, much less show, that the true political entity, the City of Texarkana, Texas, has taken explicit steps to grant the police department jural authority, meaning that the police department cannot engage in any litigation except in city with the county itself. *Id.*; *see also Combs v. City of Dallas*, 289 F.App'x 684, 686 (5th Cir. 2008); *Crull v. City of New Braunfels, Texas*, 267 F.App'x 338, 341 (5th Cir. 2008). Because the Texarkana, Texas police department has no separate jural existence and is not a suable entity, Plaintiff has failed to state a claim upon which relief may be granted against it.

In addition, Plaintiff's claim against the Texarkana, Texas police department reads, in its entirety, "TTPD failed to investigate a complaint of assault causing bodily injury."  This contention wholly fails to provide any supporting factual details, and as such, fails to state a claim upon which relief may be granted. *See Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (explaining that a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level).

There is no federal constitutional right to have someone investigated or prosecuted for alleged wrongdoing. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *see also Autrey v. Mississippi*, 66 F.App'x 523 at *1 (5th Cir 2003). The fact that the Texarkana Police Department did not investigate an assault complaint to Plaintiff's satisfaction does not violate any constitutional

rights, and Plaintiff's allegation in this regard fails to state a claim upon which relief may be granted. Because none of Plaintiff's allegations state a claim upon which relief may be granted, his lawsuit may be dismissed on this basis as well. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice as duplicative and for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of July, 2023.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE