IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| WILLIS E. WALKER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 5:22-CV-68-RWS-JBB |
| JOHN TIDWELL, ET AL., § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Plaintiff Willis Walker, proceeding *pro se*, filed the above-captioned civil rights lawsuit against Judge John Tidwell of the 202nd District Court of Bowie County and the Texarkana, Texas Police Department ("TTPD"), complaining of alleged violations of his constitutional rights. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Plaintiff alleges that TTPD failed to investigate a complaint of assault causing serious bodily injury. *See generally id.* He also alleges that Judge Tidwell initially said that the grand jury had made an error, but later determined that there was no error in the decision of the grand jury. *Id.* As a result, Plaintiff asserts that he was falsely imprisoned for 350 days in jail before he was able to prove his innocence. *Id.*

The Magistrate Judge reviewed Plaintiff's complaint and determined that the claims largely duplicate those made in a previous lawsuit filed by Plaintiff styled *Walker v. Bowie County Jail, et al.*, Civil Action No. 5:22-cv-65.[1] Docket No. 3 at 1–2. The Magistrate Judge also concluded

---

[1] Civil Action No. 5:22-cv-65 is assigned to Chief Judge Rodney Gilstrap, but is also referred to Magistrate Judge Baxter. Civil Action No. 5:22-cv-65-JRG-JBB. Judge Tidwell is named as a defendant in this preceding suit, but TTPD is not. *Id.*

that Plaintiff could not sue Judge Tidwell for monetary damages under the doctrine of judicial immunity. *Id.* at 2. In addition, the Magistrate Judge found that Plaintiff's allegations against TTPD did not state a claim upon which relief may be granted because since TTPD has no separate jural existence, it cannot be sued in its own name. *Id.* at 3 (also noting Plaintiff's claim against the Texarkana police department fails to provide supporting factual details). The Magistrate Judge therefore recommended that the lawsuit be dismissed with prejudice as duplicative and for failure to state a claim upon which relief may be granted.

A copy of the report was sent to Plaintiff at his last known address but was returned as undeliverable. Docket No. 4. To date, Petitioner has not advised the Court of his current mailing address. The lawsuit form that Plaintiff filed contains a declaration stating "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." Docket No. 1 at 5; *see also* Local Rule CV-11(d) of the Local Rules of Court for the Eastern District of Texas (a *pro se* litigant must provide the Court with a physical address and is responsible for keeping the Clerk of Court advised in writing of his current physical address).

Because no objections have been filed, Plaintiff is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the report of the Magistrate Judge. Upon such review, the Court has determined the report of the Magistrate Judge is correct. *See*

*United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the report of the Magistrate Judge (Docket No. 3) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned civil action is **DISMISSED WITH PREJUDICE** as duplicative and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 28th day of November, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE